IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENA L. ROSS,

    **Plaintiff,**

    v.

KANSAS CITY KANSAS
COMMUNITY COLLEGE,

    **Defendant.**

Case No. 2:24-cv-02263-HLT

## MEMORANDUM AND ORDER

This is an employment dispute. Plaintiff Gena L. Ross was previously a full-time faculty member with the business department of Kansas City Kansas Community College (KCKCC). KCKCC did not renew Plaintiff's contract in 2023 as part of a reduction in force. Plaintiff filed suit pro se[1] against KCKCC. She asserts that the nonrenewal was because of her race, sex, and age. She also contends that the nonrenewal constitutes a breach of contract. KCKCC maintains that it followed appropriate procedure per union contract and that its decision was based purely on seniority and not on Plaintiff's protected status. Plaintiff now works for KCKCC in a different capacity and at a lower salary.

KCKCC moves for summary judgment. Doc. 28. The Court grants the motion because Plaintiff does not establish a prima facie case of discrimination or show that KCKCC's legitimate reason for nonrenewal is pretextual. Plaintiff also does not show that KCKCC breached the union contract. Plaintiff fails to show that there is a genuine issue of material fact for a jury to resolve.

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

I.  **BACKGROUND**[2]

KCKCC is a public community college. It maintains policies preventing discrimination, harassment, and retaliation. KCKCC's full-time faculty are represented by a union. They are covered by a Master Contract, which KCKCC and the union negotiate and agree to. The Master Contract includes Article XI, covering reductions in force. Article XI provides as follows:

> When the Board of Trustees, in their sole judgment, deems it advisable to reduce the number of Professional Employees for any reason beyond the control of the professional employees, such reduction in force shall be carried out by non-renewing the contract of the Professional Employee or employees with the least continuous service with the Kansas City Kansas Community College within the discipline where the reduction is to be effected.

Doc. 29-7 at 26. Article XI also provides that the administration will attempt to provide the professional employee with a full load before recommending to the Board a reduction in force. And the Master Contract includes a grievance procedure in Article V. But it is unclear how or whether the grievance procedure applies in the context of a reduction-in-force nonrenewal notice that is being challenged via a statutory due process hearing (as is the case here).

Plaintiff joined KCKCC as a full-time faculty member in August 2013. She was one of seven full-time faculty members with the business department for the 2022-2023 school year. But the business department's enrollment projections were down for the following school year. The Board of Trustees thus voted to eliminate two full-time faculty positions in the business department for the 2023-2024 school year. The Board also passed a resolution not to renew Plaintiff's employment for the 2023-2024 year because of insufficient enrollment to provide Plaintiff with a

---

[2]  For purposes of summary judgment, the following facts are uncontroverted or recited in the light most favorable to the nonmoving party. Plaintiff did not directly respond to KCKCC's proposed material facts despite KCKCC filing the notice to pro se litigant (Doc. 30). The Court therefore deems them admitted. D. Kan. R. 56.1(a). The Court has nevertheless reviewed the record to verify KCKCC's proposed facts and has also reviewed Plaintiff's factual contentions. But Plaintiff's contentions are largely irrelevant, as they relate to claims that are not a part of this case. Those that are relevant are not supported by the evidence provided.

full instructional load. The Board timely notified Plaintiff of its nonrenewal decision and advised her of her right to a statutory due process hearing. KCKCC administration tried to provide Plaintiff with a full load in accord with the Master Contract. But they could not achieve a full load based on Plaintiff's qualifications and the qualifications for the courses at issue.

Plaintiff was the faculty member with the "least continuous service" with KCKCC within the "discipline where the reduction is to be effected." She testified that she and another faculty member were nonrenewed because they had the least seniority. This factor was the only factor considered, as required by the Master Contract. The Board did not consider the race, gender, or age of full-time faculty members in deciding who would not be renewed.

There were two males and five females who worked as full-time faculty members in the KCKCC business department in 2023. Two members identified as black. All were over the age of forty. Only one faculty member was younger than Plaintiff, by two years. Plaintiff testified in her deposition that she believed KCKCC engaged in age-based discrimination because she was over the age of fifty at the time she was nonrenewed.

Plaintiff requested a statutory due process proceeding regarding her nonrenewal. She was represented by counsel. Plaintiff testified that she knew if she won the due process hearing that she would get her job back. But she applied for, was offered, and accepted a nonfaculty grant-funded position in August 2023. Plaintiff took the position of Director of Student Support for Program Success. The salary for this position was included in the job posting and set by the grant. It was $68,000. Plaintiff's final salary as full-time faculty was $76,371.44.[3] Plaintiff's

---

[3] KCKCC's president sent Plaintiff a letter on September 18, 2024, that states that her current salary was $72,841.60. The reason for the discrepancy is unclear.

faculty salary was set by a schedule in the Master Contract. Plaintiff currently remains employed as the Director of Student Support for Program Success.

Plaintiff withdrew her request for a due process hearing on October 4, 2023. She testified that she did not pursue the due process hearing because she took the other position.

Plaintiff filed a charge of discrimination with the EEOC on January 5, 2024. Plaintiff asserted that KCKCC discriminated against her based on her sex, race, and age between the dates of May 11 and July 31, 2023. She stated in the charge that she believed KCKCC did not follow its own reduction-in-force policy when it laid her off. And she alleged that she had to take a substantial pay cut despite being rehired by KCKCC.

## II.     STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts applying this standard view the facts and any reasonable inferences in a light most favorable to the nonmoving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

## III.    ANALYSIS

As a preliminary matter, Plaintiff discusses in her briefing two types of claims that are not part of this case. She repeatedly refers to reports she made of "unethical requests to falsify federal grant records," as well as retaliatory and hostile treatment in her new role as Director of Student

4

Support for Program Success. *See, e.g.*, Doc. 33 at 3, 4, 6, 7; 33-4 at 3, 9; 33-5 at 8-39. But a claim for retaliation based on protected activity after July 31, 2023, is not part of this case. Neither is a hostile work environment. They are not included in the pretrial order. *See* Doc. 27 at 7 (identifying only two claims: breach of contract and discrimination because of nonrenewal of Plaintiff's contract). The pretrial order in a case controls the course of the action. *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276 (10th Cir. 2006). Parties are expected to identify their claims and the issues for trial, and "issues not contained in the resulting pretrial order [are] not part of the case . . . ." *Id*. at 1276-77. Failing to include claims and defenses in the pretrial order waives those claims and defenses. *See id.* And Plaintiff's allegations of retaliatory conduct and a hostile work environment are dated <u>after</u> she was nonrenewed for her faculty position. They also are dated <u>after</u> her EEOC charge, which states that the discrimination took place between May 11, 2023 and July 31, 2023.[4] To the extent Plaintiff attempts to add claims to the case at this late hour, her request is denied.[5] The Court therefore proceeds only on Plaintiff's claims based on the nonrenewal of her contract for (1) race, sex, and age discrimination and (2) breach of contract.

### A. Title VII Claim.

Plaintiff alleges race, sex, and age discrimination under Title VII based on the nonrenewal of her teaching contract in 2023.[6] Title VII claims are generally evaluated under the familiar

---

[4] Failure to exhaust administrative remedies provides an alternative basis for disregarding any claims Plaintiff asserts for actions after July 31, 2023. KCKCC also made this argument in its briefing. Doc. 29 at 8.

[5] The Court gives liberal construction to Plaintiff because she proceeds pro se. But liberal construction does not mean that the Court ignores its rules or governing principles of law. The pretrial order reflects that Plaintiff tried to add multiple contentions and another legal claim during the pretrial conference. Doc. 27 at 6 n.1, n.2; 7 n.4. But it does not reflect that she tried to add a post-July 2023 claim of retaliation or hostile work environment. Such an effort would have been belated during the pretrial conference. It is even later now. It would be unfair and unjust to recognize such a claim now, after summary judgment briefing is complete and trial is just over two months away.

[6] Age discrimination claims fall under the ADEA instead of Title VII. Plaintiff did not identify an ADEA claim in the pretrial order. Therefore, an ADEA claim is not part of this case. But she does continue to allege that KCKCC discriminated against her based on her age. It does not matter whether Plaintiff intends to pursue an ADEA claim in addition to her Title VII claim. The governing law is largely the same for purposes of this order. A plaintiff must show the following elements for a prima facie case of age discrimination: (1) she belongs to the ADEA-protected

*McDonnell Douglas* burden-shifting framework. *See Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). Plaintiff must establish: (1) she was a member of a protected class; (2) she suffered an adverse employment action; and (3) the circumstances give rise to an inference of discrimination. *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). If a plaintiff meets this initial burden, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its employment action." *Id*.

If the defendant meets that burden, the burden shifts back to the plaintiff to show that the stated explanation is a pretext for discrimination. *Boese v. Fort Hays State Univ.*, 814 F. Supp. 2d 1138, 1144 (D. Kan. 2011). At the pretext stage, the plaintiff must counter the stated legitimate reason with facts showing the decision was "pretextual or racially motivated." *Jones*, 349 F.3d at 1266. "A plaintiff shows pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007) (internal quotation and citation omitted). A plaintiff can also show pretext by pointing to evidence that the defendant acted contrary to company policy. *Boese*, 814 F. Supp. 2d at 1144-45. A plaintiff does not need to present affirmative evidence of discrimination to survive summary judgment. *Swackhammer*, 493 F.3d at 1168. But evidence showing the falsity of an employer's proffered reason is only sufficient "if it

---

class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) her employer treated her less favorably than other employees who were substantially younger. *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996) (clarifying that the fourth element requires that the younger employee be "substantially younger," not just outside of the protected class). The evidence here shows that the only faculty member of the business department who was younger than plaintiff was not <u>substantially</u> younger. The younger member was also a member of the protected class and was only two years younger than Plaintiff. Two years is an insignificant difference. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1166 (10th Cir. 2000).

could reasonably lead the trier of fact to infer a discriminatory motive; where the evidence of pretext supports only nondiscriminatory motives, such an inference is logically precluded and summary judgment for the employer is appropriate." *Id*. In considering whether the evidence of pretext gives rise to an inference of discrimination sufficient to survive summary judgment, courts consider "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case . . . ." *Id*. at 1169.

Here, regardless of the basis of Plaintiff's discrimination claim (race, sex, or age), Plaintiff has presented no evidence that suggests she can meet the third element for a prima facie case, let alone pretext. There is nothing about the circumstances of Plaintiff's nonrenewal that creates a genuine issue of material fact over whether the nonrenewal was because of her race, sex, or age instead of her seniority.[7] The mere fact that Plaintiff is a black woman over the age of forty does not create an inference of discriminatory motive. Neither does the fact that Plaintiff eventually accepted a position with a lower salary. Plaintiff's burden to show a prima facie case is not high. But she simply has come forth with <u>no evidence</u> that would suggest the circumstance surrounding her nonrenewal give rise to an inference of discrimination. She merely makes the unsupported statement, "Plaintiff has presented evidence that similarly situated individuals outside her protected classes were treated more favorably and retained. Plaintiff[']s performance was satisfactory, and no legitimate reason for the non-renewal was communicated or documented." Doc. 32 at 2. Plaintiff does not, however, identify what that evidence is. She fails to meet her prima-facie burden, however light that burden is.

---

[7] Again, Plaintiff's claim for age discrimination falls under ADEA instead of Title VII. But this difference is immaterial here. Plaintiff has presented no evidence of any kind suggesting that age impacted KCKCC's decision not to renew her contract.

KCKCC offers a nondiscriminatory legitimate basis for Plaintiff's nonrenewal: she was the least senior member of the department and they could not create a full schedule for her to teach based on declining numbers, her credentials, and class requirements.

It then becomes Plaintiff's burden to call KCKCC's decision into question. But Plaintiff has offered no evidence that leads to an inference of discriminatory motive. She has not presented evidence of similarly situated employees who were treated differently. She has not shown that any of the six other members of the department had a similar tenure or experience. And she has not shown that KCKCC failed to follow normal procedures or requirements before notifying her of the Board's decision.

Plaintiff's response instead is to make unsupported statements and cite full exhibits. For example, she states without support, "[KCKCC] failed to follow its own RIF and faculty contract provisions by reassigning Plaintiff's courses to a white colleague while offering her lower-paid adjunct work. (Exhibits 2 & 3)." Doc. 33 at 4. Exhibit 2 is a settlement demand from Plaintiff's one-time attorney. Exhibit 3 is a timeline document created by Plaintiff with multiple emails attached. Some emails relate to Plaintiff's grievance procedure under the Master Contract. Others relate to events after Plaintiff accepted the position as Director of Student Support for Program Success. Plaintiff does not explain how the content of these documents gives rise to an inference of discrimination. At most, they demonstrate a dispute between Plaintiff and her union representative with the president of KCKCC about what (if anything) needed to happen under the grievance procedures of the Master Contract. They do not show that KCKCC failed to follow policies. They demonstrate only that Plaintiff and the president disagreed about procedure.

There is simply no evidentiary connection between Plaintiff's protected class (whether it be race, sex, or age) and the decision that she would be one of the two department nonrenewals for

the next school year. Plaintiff has provided no more than conclusory, unsupported, and speculative allegations. This is not enough to create a submissible claim at this stage of the case. There is no issue for the jury to resolve, and the Court grants summary judgment on this claim.

### B. Breach of Contract Claim.

Remaining is a state-law breach of contract claim. The Court could decline to exercise jurisdiction over this claim because it has dismissed the only federal claim and the case is before the Court on federal question jurisdiction. 28 U.S.C. § 1331. But the Court exercises its discretion to retain jurisdiction because of the late-stage of this case and because Plaintiff has not supported this claim with any facts suggesting that KCKCC breached the union contract when it followed its reduction-in-force policy and notified Plaintiff that her contract would not be renewed.[8]

First, the uncontroverted evidence indicates that KCKCC followed the policy and eliminated Plaintiff's position because she was the least senior member of the business department. This is compliant with the language that provides:

> When the Board of Trustees, in their sole judgment, deems it advisable to reduce the number of Professional Employees for any reason beyond the control of the professional employees, such reduction in force shall be carried out by non-renewing the contract of the Professional Employee or employees with the least continuous service with the Kansas City Kansas Community College within the discipline where the reduction is to be effected.

Doc. 29-7 at 26.

---

[8] KCKCC also argues that Plaintiff is estopped from collaterally attacking the nonrenewal because she abandoned her due process proceeding. This argument has some appeal. Plaintiff requested a statutory due process hearing under K.S.A. §§ 72-2251 et seq. She ultimately withdrew her request and accepted a nonfaculty position. It seems that Plaintiff's withdrawal should foreclosure further challenge of KCKCC's decision. The Court does not rest its ruling on this basis because the argument is not fully fleshed out by KCKCC. And Plaintiff did not address it at all. But it seems this claim is an impermissible attempt to collaterally attack the nonrenewal of Plaintiff's contract. *See Neunzig v. Seaman U.S.D. No. 345*, 722 P.2d 569, 575-76 (Kan. 1986) (holding that the plaintiff's failure to seek judicial review of termination precluded a discrimination claim under the Kansas Act Against Discrimination).

Plaintiff also alleges in one of her emails that KCKCC did not try to provide her with a full professional load as required by Article XI. But the uncontroverted evidence indicates that KCKCC administration tried to provide Plaintiff with a full load in accord with the Master Contract. But they could not achieve a full load based on Plaintiff's qualifications and the qualifications for the courses at issue.

Plaintiff again makes nothing more than unsupported allegations that KCKCC breached the contract. For example, Plaintiff states, "[KCKCC's] motion oversimplifies or ignores certain terms and expectations in the employment agreement, and how their actions violated those contractual obligations." Doc. 32 at 2. But she does not identify those terms or expectations. And the emails she submits as part of Exhibit 3 do not establish a breach; they merely establish that Plaintiff advised KCKCC's president and others, including the vice president for academic affairs, that she thought they were not following proper procedures. The emails also show that KCKCC administration disagreed. The thrust of Plaintiff's complaints seems to be with the administration's response to her repeated requests for a conference under the grievance procedure. But plaintiff has not shown how the grievance procedure applies in the context of a reduction-in-force decision by the Board where a statutory due process hearing has been invoked. She has not established that the Master Contract imposed an unfulfilled duty on KCKCC.

The Court could decline to exercise supplemental jurisdiction over the breach of contract claim. But it would be inefficient, futile, and a waste of judicial resources to allow Plaintiff the opportunity to bring the claim again in state court after full discovery and dispositive briefing in this case. The Court therefore grants summary judgment on this claim.

## IV. CONCLUSION

Plaintiff is unhappy that KCKCC eliminated her faculty position in 2023. But there is no evidence in the record that shows KCKCC eliminated her position on an illegal basis or in breach of the union contract. Plaintiff elected to forgo her due process hearing and take another position with KCKCC instead. The new position does not match her prior salary. But this alone is insufficient to infer that KCKCC acted in violation of federal law or contrary to its contractual agreements. Summary judgment is granted.

THE COURT THEREFORE ORDERS that KCKCC's motion for summary judgment (Doc. 28) is GRANTED. The case is closed. Fed. R. App. P. 4 governs the time for filing a notice of appeal.

IT IS SO ORDERED.

Dated: December 22, 2025        /s/ *Holly L. Teeter*
                                HOLLY L. TEETER
                                UNITED STATES DISTRICT JUDGE